**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**CARDINAL RILEY, Defendant**

Crim. No. F350/2000

Territorial Court Of The Virgin Islands

Division of St. Thomas And St. John

May 25, 2000

WINSTON CHEN, ESQ., *Assistant Attorney General, Department of Justice,* St. Thomas, Virgin Islands, *for Plaintiff*

STEPHEN BRUSCH, ESQ., St. Thomas, Virgin Islands, *for Defendant*

SWAN, *Judge*

### MEMORANDUM OPINION

Before the Court is Defendant's Motion for Judgment of Acquittal pursuant to Fed. R. Crim. P. 29 and for Arrest of Judgment pursuant to Fed. R. Crim. P. 34. Defendant seeks these reliefs because of certain comments made by the prosecutor during his rebuttal summation before the jury. The prosecutor stated that "the defense counsel did not cross-examine the government's witness about a particular matter, because defense counsel knew that it happened, and he, (defense counsel), did not want you to think about it." Defense counsel objected to the prosecutor's statement.

The Court, after a brief recess and before rendering the final jury instructions, gave the jury some curative instructions regarding the prosecutor's statements about defense counsel.

The jury proceeded to deliberate the four (4) counts or charges in the information and one charge of a possible lesser included offense. The jury returned four(4) verdicts of not guilty and one verdict of guilty on Count III, possession of a deadly weapon.

In *Darden v. Warnwright*, 477 U.S. 168, 181, 91 L.Ed.2d 144, 106 S.Ct. 2464 (1986), the High Court stated that to justify reversing a conviction, it is not enough that the prosecutor's remarks were improper, the relevant question is whether the prosecutor's comments so infected the trial with unfairness as to make the resulting conviction a denial of due process. Additionally, if the evidence of the Defendant's guilt is great or overwhelming, the Court should not reverse the conviction based solely on the prosecutor's improper comments. *United States v. Laboy-Delgado*, 84 F.3d 22, 30 (1st Cir. 1996), *United States v. Balter*, 91 F.3d 427, 438-40 (3d Cir. 1996), nor should there be a reversal, if the evidence supports a conviction and the remarks did not materially affect the verdict. *United States v. Ellis*, 121 F.3d 908, 915 (4th Cir. 1997) *see also, United States v. Johnston*, 127 F.3d 380, 394-400 (5th Cir. 1997) cert denied, 522 U.S. 1152, 118 S.Ct. 1174, 140 L. Ed. 2d 183 (1998)

The Court gave some curative instructions within a short period after the prosecutor's comments and defense counsel's objection were made.

Importantly, the charge on which the Defendant was found guilty issupported by ample and overwhelming evidence in the record. Defendant admitted to having or possessing the dangerous weapon, a knife, at the time the fracas or offense allegedly occurred. The incident occurred during daylight in an opened area of the Coki Point Beach. All the witnesses who testified for the Government previously knew the Defendant, thereby diminishing the possibility of any instance of mistaken identity of the Defendant.

Three of the Government's witnesses, Leo Hughes, Julian Hodge and Dale Jeffers, testified that on the day of the incident, they saw the Defendant stabbing at the victim with a knife, while the victim was in full retreat away from the Defendant. One of the witnesses

shouted to the victim for him to seek refuge from the Defendant by leaping into the sea water to escape the Defendant.

Sgt. Calvin Bowry testified that he accompanied the Defendant to Defendant's truck to retrieve the knife the Defendant utilized in his fracas with the victim. The Defendant surrendered the same knife to the police authority. All of these salient facts are supported by the testimony.

■ The parties are reminded that a criminal conviction is not readily overturned on the basis of the prosecutor's comments alone. The statements must be viewed in the context of the entire proceeding to determine whether the prosecutor's conduct affected the fairness of the trial. *United States v. Young*, 470 U.S. 1, 11-12, 84 L.Ed.2d 1, 105, 105 S. Ct. 1038, S.Ct. 1038 (1985).

A cogent review of the trial, including the quantum of credible evidence presented on the charge for which the Defendant was convicted, preponderates in favor of not disturbing the verdict. Moreover, finding the Defendant not guilty of the other charges, demonstrated that the jurors evaluated each charge individually and considered separately the evidence presented in support of each charge.

■ The fact that the jurors found the Defendant not guilty of four crimes but guilty of the one crime for which there is abundant and overwhelming evidence, speaks eloquently that the jurors, despite the prosecutor's comments, were able to evaluate the evidence and testimony in the case and arrived at a just and fair verdict. Therefore, the Court concludes that the prosecutor's comments, even though improper, did not adversely influence nor so infected the jurors negatively as to warrant a new trial.

Accordingly, Defendant's joint motion for judgment of acquittal and for arrest of judgment is DENIED.

### ORDER

AND, NOW, this 25th day of May, 2000, and for the reasons enumerated in the memorandum opinion of the same date in the above captioned case, it is hereby

ORDERED that the Defendant's motions for judgment of acquittal and for arrest of judgment based upon the prosecutor's

comments made during summation or closing argument are DENIED; and it is further

ORDERED that copies of the memorandum opinion and order be directed to the parties' attorneys.